IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| United States of America, | : | Case No. 1:20-cr-103 |
|---|---|---|
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **Order Denying Motion to Dismiss the Indictment** |
| Saidou Yero Dia, | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Saidou Yero Dia's Motion to Dismiss the Indictment. (Doc. 25.) The Government has responded in opposition, and Defendant has filed a reply.[1] (Docs. 26, 27.) For the reasons that follow, Defendant's Motion will be **DENIED**.

## I. BACKGROUND

### A. Facts

As alleged in the Indictment, on or about October 6, 2010, Defendant attempted to procure and procured naturalized citizenship on behalf of himself under the name of "Oumar Yero." (Doc. 3 at PageID 8.) The Indictment alleges that in so doing, Defendant misrepresented and failed to disclose information regarding his true identity during his naturalization process.[2] (Doc. 3 at PageID 8.) Additionally, on or about November 17, 2019, Defendant stated, in an application for a passport, that his name was Oumar Yero. (*Id.* at PageID 8–9.) The Indictment alleges this constituted a false statement in an application for a passport, and Defendant did so willfully and knowingly with the intent to induce and secure the issuance of a passport. (*Id.*)

---

[1] The Government has also filed a Notice of Errata regarding a factual issue that has no bearing on the Court's conclusions herein. (Doc. 28.)

[2] Defendant claims he was born under the name of Oumar Yero in the Islamic Republic of Mauritania, but he also held a Mauritania identification card that lists his name as Saidou Dia. (Doc. 25-1 at PageID 62–64.)

### B. Procedural Posture

On September 24, 2020, a federal grand jury returned a two-count Indictment against Defendant. (Doc. 3.) Count I charges Defendant with unlawful procurement of naturalization in violation of 18 U.S.C. §§ 1425(a) and 2, and Count II charges Defendant with making a false statement in an application for a passport in violation of 18 U.S.C. § 1542.

On March 3, 2022, Defendant filed a Motion to Dismiss the Indictment, to which the Government responded in opposition, and Defendant filed a reply. (Docs. 25, 26, 27.) Accordingly, this matter is now ripe for the Court's review.

### II. STANDARD OF REVIEW

Pursuant to Federal Rule of Criminal Procedure 12, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A motion to dismiss is usually capable of determination before trial "if it involves questions of law instead of questions of fact on the merits of criminal liability." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). When ruling on a motion to dismiss, a court must "view the indictment's factual allegations as true, and must determine only whether the indictment is valid on its face[]." *United States v. Edwards*, 291 F. Supp. 3d 828, 831 (S.D. Ohio 2017) (cleaned up); *see also United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based."). The Sixth Circuit has held that "[a]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

## III. ANALYSIS

### A. Count I: Unlawful Procurement of Naturalization in Violation of 18 U.S.C. § 1425(a)

Defendant contends that Count I is barred by the statute of limitations. In opposing Defendant's Motion as to Count I, the Government argues a statute of limitations violation is an affirmative defense and not grounds to dismiss an indictment. Alternatively, the Government argues the statute of limitations has yet to run.

The Supreme Court has held that the "purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions." *Toussie v. United States*, 397 U.S. 112, 114 (1970). This limitation "is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Id.* at 114–15.

Initially, the Court finds that the Government correctly claims that a violation of the statute of limitations is an affirmative defense. *United States v. Titterington*, 374 F.3d 453, 456 (6th Cir. 2004) (citing *United States v. Cook*, 84 U.S. 168 (1872)). And while "the elements of a criminal charge must be in the indictment . . . allegations negating the elements of an affirmative defense need not be." *Id.* The Government is incorrect, however, that the statute of limitations is not a proper ground for dismissing an indictment.[3] *See, e.g., United States v. Snyder*, No.

---

[3] In support of its position, the Government relies on *Titterington*. There, the court cited *Cook* for the proposition that

> "[a]ccused persons may avail themselves of the statute of limitations by special plea [*i.e.*, by raising an affirmative defense] or by evidence under the general issue [*i.e.*, by presenting evidence at trial] . . . but courts . . . will not quash an indictment because it appears on its face that it was not found within the [limitations] period . . . as such a proceeding would deprive the prosecutor of the

3

1:17CR507, 2018 WL 2289578, at *5 (N.D. Ohio May 18, 2018) (dismissing a count in the indictment based on statute of limitations); *United States v. Latimore*, No. 08-20633, 2010 WL 431739, at *2–3 (E.D. Mich. Feb. 2, 2010) (same); *United States v. Carollo*, No. 10 CR. 654(HB), 2011 WL 5023241, at *2–3 (S.D.N.Y. Oct. 20, 2011) (stating dismissal of an indictment pre-trial based on statute of limitations defense is proper).

Turning to the merits, the parties agree the applicable statute of limitations is ten years. *See* 18 U.S.C. § 3291. Defendant avers the statute of limitations commenced no later than June 18, 2010, the date on which Defendant filed his N-400 Application for Naturalization with United States Citizenship and Immigration Services. As such, Defendant argues, Count I is time-barred because the Indictment in this matter was returned on September 24, 2020. The Government contends the statute of limitations commenced on October 6, 2010, the date on which Defendant took the oath of citizenship.

The Court finds that Defendant's argument is without merit. In the Sixth Circuit, "[t]he statute of limitations begins to run when a crime is complete, that is, when each element of the crime charged has occurred." *United States v. Szilvagyi*, 417 F. App'x 472, 476 (6th Cir. 2011) (quoting *United States v. Grenier*, 513 F.3d 631, 636 (6th Cir. 2008)). And "an applicant for naturalization obtains United States citizenship only after taking an oath of allegiance before a

---

rights to reply or give evidence, as the case may be, that the defendant fled from justice and was within the exception [to the limitations period]."

*Titterington*, 374 F.3d at 457 (quoting *Cook*, 84 U.S. at 179–80) (alterations in original). *Cook* addressed a situation where the defendant sought to establish that an exception to the applicable statute of limitations—a defendant fleeing from justice—applied. The exception was contained in a subsequent substantive clause, rather than the statute's enacting clause. Thus, the Supreme Court had to determine whether "the language of the section defining the offence is so entirely separable from the exception . . . [such that] the matter contained in the exception is a matter of defence and must be shown by the accused." *Cook*, 84 U.S. at 173–74. The Supreme Court held that the indictment need not plead facts showing the defendant was not within the exception at issue because the exception constituted a matter of defense to be addressed at trial. *Id.* at 177–82. These circumstances do not apply to this case. Further, *Titterington* is itself distinguishable as it addressed an issue that is not currently before the Court— whether an indictment must allege that an offense occurred within the applicable statute of limitations period. 374 F.3d at 455.

4

federal judge." *Id.* (citing 8 U.S.C. § 1448(a)). Thus, the Sixth Circuit has previously held that the statute of limitations for an unlawful procurement of naturalization charge commences on the date the defendant takes the oath of citizenship. *Id.*; *see also United States v. Kneginich*, No. 1:16-cr-238, 2017 WL 1959354, at *1–2 (W.D. Mich. May 10, 2017) (following *Szilvagyi* to deny defendant's motion to dismiss the indictment); *United States v. Vongphakdy*, No. 3:21-CR-00184-KDB-DSC, 2021 WL 6197630, at *2 (W.D.N.C. Dec. 30, 2021) (relying on *Szilvagyi* to reject defendant's argument that statute of limitations commenced when defendant submitted his N-400 application and the application was approved). Here, the Indictment alleges Defendant misrepresented his identity during the naturalization process on October 6, 2010, the date on which Defendant took the oath of citizenship. (Doc. 3 at PageID 8.) The statute of limitations thus began to run on October 6, 2010, and the Indictment was timely returned on September 24, 2020, within the ten-year limitations period.

Defendant cites to *United States v. Lutz*, 154 F.3d 581 (6th Cir. 1998), for the proposition that a crime is completed, and the statute of limitations thus commences, at the time an application is submitted to the federal agency that has jurisdiction over the application. The Court finds this argument unpersuasive. In *Lutz*, the defendant was charged with making false statements in a matter within the jurisdiction of a federal agency, a statute entirely separate and distinct from 18 U.S.C. § 1425(a). *Id.* at 586. As the decision and rationale in *Szilvagyi* is on point and controlling, Defendant's Motion to Dismiss Count I based on the statute of limitations is denied.

Defendant also moves to dismiss Count I based on the Supreme Court's decision in *Maslenjak v. United States*, 137 S. Ct. 1918 (2017). In *Maslenjak*, the Supreme Court held that to obtain a conviction under 18 U.S.C. § 1425(a) for an alleged false statement, the Government

5

must prove the alleged false statements were material to the decision to approve the defendant's citizenship application. *Id.* at 1926–28. That is, a defendant's false statements must have "sufficiently altered" the investigation and adjudication of a citizenship application such that the false statements "influenced an award of citizenship." *Id.* at 1928. The Court in *Maslenjak*, however, addressed a challenge to the district court's jury instructions, and "nothing in the *Maslenjak* decision indicates that an indictment charging a violation of Section 1425(a) should be dismissed because the indictment does not mention an element of 'materiality.'" *United States v. Balogun*, No. 1:16-CR-00127-AT-LTW, 2018 WL 1147544, at *9 (N.D. Ga. Jan. 2, 2018). Moreover, *Maslenjak* indicates that "[t]o decide whether a defendant acquired citizenship by means of a lie, a jury must evaluate how knowledge of the real facts would have affected a reasonable government official properly applying naturalization law." 137 S. Ct. at 1928; *see also United States v. Yuan Zhong Zhao*, No. 18-CR-211, 2019 WL 5677512, at *2 (W.D.N.Y. Nov. 1, 2019) (denying motion to dismiss indictment and stating the Government bears the burden of establishing, at trial, the defendant's alleged misrepresentation was material). As such, the Court is not persuaded that *Maslenjak* presents a basis upon which Count I should be dismissed.

### B. Count II: False Statement in Application for Passport in Violation of 18 U.S.C. § 1542

Defendant appears to argue Count II should be dismissed because Count I is time-barred. Yet, even assuming Defendant's argument is meritorious, the Court has denied Defendant's Motion as to Count I, and dismissal of Count II is therefore not warranted on this ground. Defendant also argues that, because he received a Certificate of Naturalization under the name Oumar Yero, he was entitled to rely on this document and to legally use this name to obtain a passport. Defendant, however, fails to offer any authority to support this proposition. Further,

this argument is not a proper ground for dismissing Count II because at this juncture the Court need only determine whether the Indictment is valid on its face. *See Edwards*, 291 F. Supp. 3d at 831.

IV. **CONCLUSION**

For the reasons explained herein, Defendant's Motion to Dismiss the Indictment (Doc. 25) is **DENIED**.

**IT IS SO ORDERED.**

_____
Judge Susan J. Dlott
United States District Court